# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

**CALHOUN COUNTY, ALABAMA**

    **Plaintiff,**

**v.**                                                     **CV 07-PT-1827-E**

**THE CENTECH GROUP, INC.**

    **Defendant.**

## MEMORANDUM OPINION

This cause comes on to be heard on the Motion to Remand filed by the plaintiff on November 5, 2007.

The issue is whether defendant's removal, which it would otherwise have the right to do, is defeated by clauses in paragraphs 13 and 25 of the contract between the parties dated March 2003.[1] The pertinent provisions read as follows:

Portion of paragraph 13:

> Any dispute which cannot be resolved between the parties through negotiation within two (2) weeks of the date of initial demand for it by one of the parties *may then* be submitted to the Circuit Court of Calhoun County, Alabama. Both Contractor and County consent to jurisdiction by such court. Nothing herein shall prevent either of the parties from resorting to the judicial proceedings mentioned in this paragraph if (a) good faith efforts to attempt resolution of the dispute under the above procedures have been unsuccessful, or (b) interim relief from the court is necessary to prevent serious and irreparable

---

[1]This court starts with some controlling Eleventh Circuit principles. (1) Ordinary contract principles, not a clear and unequivocal standard, apply. *Snapper, Inc. V. Redan*, 171 F.3d 1249, 1261 (11th Cir. 1999). (2) Permissive forum selection clauses are not per se unenforceable. *See Snapper*, 171 F.3d at 1262, n. 24.

>   injury to either of the parties or others.  (Emphasis added).

All of paragraph 25:

>   Governing Laws - Except to the extent governed by Federal law or regulations, this contract shall be construed in accordance with and governed by the laws of the State of Alabama, and suit, if any, must be brought in the Circuit Court of Calhoun County, State of Alabama. Both parties waive any defenses based on lack of personal jurisdiction or any that would otherwise defeat the intent of this paragraph.

The court offered to conduct a hearing to determine factual issues relating to which party or parties drafted the contract and whether the pertinent provisions should be construed against either party.  The parties rejected this offer and agreed to submit those issues on affidavits.  The court has considered the affidavits and concludes that the contract was negotiated by sophisticated parties who agreed to various changes and that the provisions should merely be construed and applied as written without leaning toward either party.  While the initial contract was drafted by the plaintiff, it was thoroughly considered and re-negotiated by defendant's contract specialist(s) who have substantial experience with government contracts.  No objections were made to the terminology in the pertinent provisions.[2]

---

[2] After the court engaged in the foregoing analysis, it observed, for the first time, the following in paragraph 32 E of the contract which states:

>   The parties acknowledge that this agreement was initially prepared by County solely as a convenience, and that all parties and their counsel have read and fully negotiated all of the language used in this agreement.  The parties acknowledge and agree that because all parties and their counsel participated in negotiating and drafting this agreement, no rule of construction shall apply to this agreement which construes any language, whether ambiguous, unclear or otherwise, in favor of, or against any party by reason of that party's role in drafting this agreement.

This provision moots the issue of which party drafted the contract.  This provision also waives any consideration of any law to the effect that an interpretation operates more strongly against the party from whom the words "proceeded."  Apparently neither party has referenced this provision to the court.

*Either* party could have insisted on express language with regard to removal.  Both parties consented to the

While on first blush, the paragraph 13 provision might suggest a mediation type resolution by the court, a full reading makes it plain that a usual type judicial proceeding is intended. It adds that, "Both Contractor and County consent to *jurisdiction* by such court," and further, refers to "*judicial proceedings* mentioned in this paragraph." (Emphasis added).

This court is of the opinion that the following language in the clauses is significant: (1) "Any dispute which cannot be resolved ..... may then be *submitted* to the *Circuit Court* of Calhoun County, Alabama." (2) "Both Contractor and County consent to jurisdiction *by such court*." (3) "and suit, if any, must be brought in the *Circuit Court* of Calhoun County ... ." (4) "Both parties waive any defenses based on lack of personal jurisdiction *or any that would otherwise defeat the intent of this paragraph*." (Emphasis added). While nothing says that any suit must be maintained in the Circuit Court of Calhoun County, there is a reference to it being "*submitted*" to that court.[3]

While the paragraph 25 provision is entitled "Governing Laws," it also states "suit, if any, must be brought in the Circuit Court of Calhoun County, State of Alabama." The following provision is arguably ambiguous: "Both parties waive any *defenses* based on lack of personal jurisdiction or any that would otherwise defeat the intent of this paragraph." (Emphasis added). Of course, removal is not generally considered to be a "defense." The use of the term "defense" in paragraph 25, while problematical, is not, however, decisive. The thrust is whether removal

---

jurisdiction of the *state* court. The term "may then be submitted" can well be interpreted to state that only after a two week attempt at negotiation *may* a party submit a dispute to the named court. At that time, the parties *may* or *may* not file suit. The provision otherwise provides conditions under which the parties are not initially prevented from resorting to the named court. See (a) and (b) in the quoted paragraph 13 provision.

[3]This court notes that *Global Satellite* is distinguishable because, unlike here, only the county, not the court, is designated in the selection clause.

would "*defeat the intent of this paragraph*." The language in paragraph 25 that "suit, if any, *must be brought* in the Circuit Court of Calhoun County, State of Alabama" when considered with the language in paragraph 13 that the parties "consent to jurisdiction by such court" is a strong indication of the intent of the parties.  The court rejects the defendant's arguments that any waiver must be clear and unequivocal.  See Opposition to Motion to Remand filed November 28, 2007, page 4.  Furthermore, it is not necessary that a selection clause be mandatory.

       The fact that paragraph 25 is headed "Governing Laws" does not reduce the significance of the language relating to where the suit must be brought.  Paragraph 32 c. says that such headings are not a limitation of the content.   The reasonable interpretation of the phrase in paragraph 25 which says, "Except to the extent *governed* by Federal law or regulations ... " relates to the substantive aspects of the contract and not to procedural matters such as removal. The references to the Circuit Court of Calhoun County would make little sense if the case can be removed to this court.   See *Karl Koch Erecting Co. v. New York Conv. Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988).

       The court does not reach the issue of whether Alabama law governs the interpretation of selection clauses.  See, however, *FabArc Steel Supply, Inc. v. Composite Const. Systems, Inc.*, 914 So.2d 344, 359 (Ala. 2005).  Also see *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972).  The court does not reach the issue of whether the defendant's bringing of a countersuit in this court would violate the provision that a dispute "be *submitted* to the Circuit Court of Calhoun County, Alabama." See, however, *Karl Koch*, 838 F.2d at 659.

       The court concludes that the action should be and will be remanded to the Circuit Court of Calhoun County, Alabama.

This the 23rd day of January, 2008.

*Robert B. Propst*
_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**